IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RODERICK SIMPSON,                                                PETITIONER

v.                                                         No. 2:04CV317-P-B

DONALD CABANA, ET AL.                                            RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the November 10, 2004, petition of Roderick Simpson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved to dismiss the petition February 24, 2005; the petitioner responded May 23, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for want of subject matter jurisdiction.

**Facts and Procedural Posture**

The petitioner pled guilty to two counts of burglary[1] in the Circuit Court of Tallahatchie County, Mississippi. He was sentenced in Cause No. 90-23-B-T2 by Orders filed September 4, 1990, to serve consecutive terms of ten years on each count in the custody of the Mississippi Department of Corrections. The orders, however, suspended the execution of the sentences for a period of ten years, and the petitioner was placed in the Regimented Inmate Discipline ("RID") program. The petitioner completed the RID program – but failed to comply with the terms of his probation and was indicted in two separate cases for additional felony charges. Following a hearing, the petitioner's probation was revoked August 12, 1997, and he was ordered to serve twenty years in the custody of the Mississippi Department of Corrections.

---

[1] A third count of burglary and three counts of grand larceny were passed to the files.

On September 15, 1999, the petitioner filed a "Motion to Vacate Judgment Order Revoking Suspended Sentence" in the Tallahatchie County Circuit Court in Cause No. CV 99-50B2. The trial court denied the motion January 31, 2000, but the Mississippi Court of Appeals reversed that decision May 29, 2001. *Simpson v. State,* 795 So. 2d 541 (Miss. App. 2001). The Court of Appeals found that the court's revocation of the suspended sentence violated the statute setting a maximum of five years probation and thus rendered judgment in the petitioner' favor – in essence ruling that he had fully served the sentences imposed. By that time, however, the petitioner had pled guilty to two new charges in the Tallahatchie County Circuit Court. The petitioner thus remained in the custody of the Mississippi Department of Corrections under the new sentencing orders filed November 25, 1997.

## Lack of Subject Matter Jurisdiction

The petitioner challenges the September, 1990, guilty plea and August, 1997, revocation of the suspended sentence on that plea.[2] The petitioner, however, is no longer in the custody of the Mississippi Department of Corrections as to the charges and sentences resulting from the 1990 plea and 1997 revocation, as the revocation was ultimately set aside, and the petitioner had served out his sentence. For this reason, the instant petition shall be dismissed for lack of subject matter jurisdiction. Federal courts have jurisdiction to hear *habeas corpus* petitions when a petitioner is "***in custody*** in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); 28 U.S.C. § 2254(a). The petitioner challenges the pleas and sentences for which he is no longer in custody, as the Mississippi Court of Appeals granted the petitioner's prayer for relief – finding that the trial court's revocation of the

---

[2]Under *Haines v. Kerner*, 404 U.S. 519 (1972), the court has liberally construed the petitioner's parsimonious answers to the questions on the form petition.

petitioner's parole violated state law. Thus, once the appellate court made its ruling, the petitioner was no longer in custody on those charges; instead he was in custody on the new charges to which he had pled guilty – charges he did not challenge in the instant petition.

In addition, the petitioner does not argue that the earlier sentences were improperly used to support the two newer sentences he is currently serving. Indeed, even if the court were to address such an argument, it would not avail the petitioner. "If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255." *Daniels v. United States*, 121 S.Ct. at 1583. "[T]his holding . . . [also] cover[s] § 2254 petitions directed at enhanced state sentences." *Lackawanna County District Attorney v. Coss*, 121 S.Ct. at 1573.

The petitioner is no longer in custody on the burglary convictions and sentences at issue in the instant petition; as such, the petitioner could not challenge those prior convictions – even if they were used to enhance his current convictions. The court thus lacks jurisdiction to hear this case. Therefore the instant petition for a writ of *habeas corpus* shall be dismissed for want of subject matter jurisdiction. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE